**\*E-Filed 11/30/2010\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

UNITED STATES OF AMERICA,                    No. CR 10-0546 RS

             Plaintiff,                    **ORDER DENYING DEFENDANT'S**
**MOTION TO COMPEL DISCLOSURE**
   v.                    **OF INFORMANT'S IDENTITY**

ANDRE NED,

             Defendant.
_____/

## I.   INTRODUCTION & RELEVANT FACTS

The United States charges Andre Ned with several counts of possession with the intent to distribute narcotics, 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of the narcotic offenses, 18 U.S.C. § 924(c)(1)(A)(I).[1]  The charges stem from the narcotics and a registered firearm seized pursuant to a search of Ned's home.  The search warrant on which the police relied was based largely on information supplied by a confidential informant.  The informant apparently contacted authorities with information about a supposed ecstasy dealer, and the state police then organized a controlled buy between the informant and Ned.  The informant's identity and the portion of the warrant affidavit supplying the details of the controlled buy are sealed and the defendant has access to neither.  Ned avers he does not know the informant's identity, and the United States has declined

---

[1] A superseding indictment filed on November 16, 2010 added two additional charges: 21 U.S.C. § 843(b), Use of a Communications Facility to Commit/Facilitate Narcotics Trafficking; and 18 U.S.C. § 924(d), Forfeiture of Firearm.

United States District Court
For the Northern District of California

1   to reveal it.  Ned argues here that the informant can provide specific evidence relevant and helpful to

2   his defense theory and asks this Court to compel disclosure of the informant's identity.  The United

3   States opposes disclosure and argues that, as the informant was not a percipient witness to any of the

4   indicted charges, his or her testimony is simply not relevant.

5        This Court ordered a telephonic *in camera* hearing with the informant to inquire into the

6   scope of his or her expected testimony.  In lieu of that hearing, the United States supplied additional

7   information for *in camera* review by the Court that demonstrates the informant would not provide

8   testimony relevant to this action or helpful to the defense.  Accordingly, Ned's motion for disclosure

9   must be denied.

10                                        II.  LEGAL STANDARD

11       The government has a limited privilege to withhold an informant's identity.  *Roviaro v.*

12  *United States*, 353 U.S. 53, 59-61 (1957).  "This privilege serves several important law enforcement

13  objectives, including encouraging citizens to supply the government with information concerning

14  crimes."  *United States v. Henderson*, 241 F.3d 638, 645 (9th Cir. 2000) (*citing Roviaro*, 353 U.S. at

15  59-61; *McCray v. Illinois*, 386 U.S. 300, 308-09 (1967)).  The Court in *Roviaro* recognized,

16  however, that the applicability of the privilege is limited by fundamental requirements of fairness.

17  *Roviaro*, 353 U.S. at 60.  "Where the disclosure of an informer's identity, or of the contents of his

18  communication, is relevant and helpful to the defense of an accused, or is essential to a fair

19  determination of a cause, the privilege must give way."  *Id.* at 60-61.  The Court in *Roviaro*

20  emphasized that "no fixed rule with respect to disclosure is justifiable" and instructed that a district

21  court must balance "the public interest in protecting the flow of information against the individual's

22  right to prepare his defense."  *Id.* at 62.  "Whether a proper balance renders nondisclosure erroneous

23  must depend on the particular circumstances of each case, taking into consideration the crime

24  charged, the possible defenses, the possible significance of the informer's testimony, and other

25  relevant factors."  *Id.*

26       The Ninth Circuit has clarified that it is a defendant's burden to establish a need for the

27  information.  *Henderson*, 241 F.3d at 645 (*citing United States v. Spires*, 3 F.3d 1234, 1238 (9th Cir.

28

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

1993)).  More specifically, a defendant must show more than a "mere suspicion" that the informant has information that will prove "relevant and helpful" to his defense, or that will be "essential" to a fair determination.  *Id.* (*citing United States v. Amador-Galvan*, 9 F.3d 1414, 1417 (9th Cir. 1993)). With the defendant's burden in mind, a district court endeavors to strike the appropriate balance between the interests of the individual and society.  In *United States v. Gonzalo Beltran*, the Ninth Circuit suggested a distillation of the *Roviaro* balancing test into three factors it considered important: (1) the degree of the informant's involvement in the criminal activity; (2) the relationship between the defendant's asserted defense and the likely testimony of the informant; and (3) the government's interest in nondisclosure.  915 F.2d 487, 489 (9th Cir. 1990) (*citing United States v. Tenorio-Angel*, 756 F.2d 1505, 1509 (11th Cir. 1985)).

It is often the case, however, that a court simply lacks sufficient information to determine whether an informant's testimony would be relevant or helpful.  Rather than deny a motion to compel disclosure, a district court may pursue its own inquiry.  In fact, where a defendant makes a "minimal threshold showing" that disclosure would be relevant and helpful to at least one defense, the Ninth Circuit has held that a district court has an obligation to hold an *in camera* hearing. *Spires*, 3 F.3d at 1238 (noting that "[o]ur precedents demonstrate that in disclosure cases an *in camera* hearing is favored procedure" and declaring failure to hold one an abuse of discretion where minimal threshold is met).

### III.  DISCUSSION

Ned argues the informant's access to two "key pieces of information" would aid his defense theory.  In a sealed affidavit, he explains that theory and suggests a nexus between it and the informant's predicted testimony.  Even assuming the informant could testify as Ned predicts, the important question is whether this testimony would be relevant and helpful within the meaning of *Roviaro* and its progeny.  *Ganzalo Beltran* supplies a useful point of departure, as its first two factors supply alternative ways to view the question.  As discussed above, the first factor relates to the degree of the informant's involvement in the criminal activity; the second examines the

No. CR 10-0546
ORDER

3

United States District Court
For the Northern District of California

1   relationship between the defendant's asserted defense and the likely testimony of the informant.

2   915 F.2d at 489.

3       Turning first to the informant's involvement, the United States has not charged him with the

4   drug sale to the informant.  The prosecution denies any need to rely on the informant's testimony to

5   prove up its charges and does not intend to call him or her as a witness.  This case does not, then,

6   present the situation in *Roviaro* where the "Government's informer [is] the sole participant, other

7   than the accused, in the transaction charged."  353 U.S. at 64-65 (finding that where informant was

8   the only witness to drug sale at the heart of charge brought, that "[t]he desirability of calling John

9   Doe as a witness, or at least interviewing him in preparation for trial, was a matter for the accused

10  rather than the Government to decide").  Because Ned was not a percipient witness to any of the

11  crimes charged, the prosecution argues this cuts heavily against the possibility his or her testimony

12  is relevant.

13      Where an informant is not a percipient witness, disclosure may nonetheless be required in

14  the event he or she has key information useful to the defense.  This is true even where the

15  prosecution does not intend to rely on the informant's testimony.  *See, e.g.*, *United States v.*

16  *Ordonez*, 722 F.2d 530, 540-41 (9th Cir. 1983) (vacating order denying disclosure where an

17  informant's involvement ended with the issuance of a warrant but where the defendant was able to

18  connect predicted testimony to his defense theory).  In light of the information supplied by the

19  United States for *in camera* review, however, it is clear that such a scenario is not present here.

20  As to the third and last *Ganzalo Beltran* factor, the United States demonstrates that disclosure of the

21  informant's identity could potentially threaten the personal safety of certain individuals.  In addition,

22  the United States addresses its interest in the effective enforcement of state and federal criminal

23  statutes.

24                          IV.      CONCLUSION

25      Consistent with the foregoing analysis, disclosure of the informant's identity is not

26  warranted and defendant's motion must therefore be denied.

27

28
                                                        No. CR 10-0546
                                                        ORDER

4

IT IS SO ORDERED.

Dated: 11/30/2010

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

No. CR 10-0546
ORDER