*E-Filed 3/8/12*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ANDRE MICHAEL NED II,

        Petitioner,

  v.

UNITED STATES OF AMERICA,

        Respondent.

No. CR 10-00546 RS

**ORDER TO SHOW CAUSE**

## I.  INTRODUCTION

This is a federal habeas corpus action filed pursuant to 28 U.S.C. § 2255 by a *pro se* federal prisoner. Petitioner Andre Ned moves to set aside, vacate, or correct his sentence. Respondent is ordered to show cause as to why this petition should not be granted.

## II.  DISCUSSION

A jury found petitioner guilty of three counts of possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1), one count of possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(1), and one count of the use of a communication facility to commit narcotics trafficking in violation of 21 U.S.C. § 843(b). Based on these convictions, petitioner was sentenced

to eighty-one months in prison.  Petitioner's subsequent appeal was dismissed on September 7, 2011 after the Ninth Circuit granted his motion for voluntary dismissal.  Petitioner now moves to set aside, vacate, or correct his sentence pursuant to 28 U.S.C. § 2255.  Under this section, the federal court who sentenced the petitioner is authorized to grant relief if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  If the court finds that relief is warranted under Section 2255, it must vacate and set the judgment aside and then either "discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."  *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999) (quoting 28 U.S.C. § 2255).

Petitioner challenges the Court's final judgment and sentence as a violation of his Fifth and Sixth Amendment rights.  He maintains that he is factually innocent, that the enhancement provisions of the Federal Sentencing Guidelines are unconstitutional as applied to him, and that he was denied the right to effective assistance of counsel.  Liberally construed, these claims appear cognizable for federal habeas review.

### III.  CONCLUSION

1. The Clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto, on respondent and respondent's counsel.  The Clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, showing cause as to why a writ of habeas corpus should not be granted based on petitioner's cognizable claim.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within **thirty (30)** days of the date the answer is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

No. C
Order

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

Dated: 3/8/12

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

No. C
ORDER